UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS VALLE CASTILLO,

Petitioner,

v.

CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-08244-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 2)

On October 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On October 9, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 13, 2026, respondent filed a combined opposition to both the petition and motion for temporary restraining order. (Doc. No. 6.) Therein, respondent concedes that petitioner is subject to 8 U.S.C. § 1226(a), but nonetheless argues that the procedures set forth by that statutory provision and its implementing regulations are constitutional and the onus is on petitioner to avail himself of those procedures. (*Id.* at 2–3.) Respondent also argues that petitioner should be required to exhaust his administrative remedies. (*Id.* at 3–4.) Respondent has not objected to this court ruling directly on the merits of the petition, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Mexico who entered the United States in 1999 and has continuously resided in this country since then. (Doc. No. 1 at 11.) On or about September 25, 2026, petitioner was arrested by ICE during a traffic stop. (Doc. No. 6-1 at 2.)

The undersigned has previously addressed the exhaustion requirement in the immigration habeas context. *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026). The court incorporates that discussion here and concludes that waiver of the exhaustion requirement by the court is necessary in this case "to avoid further irreparable harm and further delay in vindicating Petitioner's rights." *Giancarlo A.M. v. Cal. City Warden*, No. 1:26-cv-04036-TLN-CSK, 2026 WL 2836725, at *2 n.2 (E.D. Cal. Sept. 22, 2026). The undersigned has also explained that the government's failure to follow the procedures set forth by 8 U.S.C. § 1226(a) warrants a petitioner's immediate release. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, *2–3 (E.D. Cal. Aug. 10, 2026). Here, there is no evidence before the court that petitioner was arrested pursuant to a warrant during the traffic stop as required by § 1226(a). Nor does respondent argue that petitioner's warrantless arrest falls within the exception to the warrant requirement set forth in the Immigration and Nationality Act. 8 U.S.C. § 1357(a)(2) (noting that an arrest may be executed without a warrant where the officer has reason to believe that the noncitizen is in the U.S. in violation of "any such law or regulation" and the noncitizen is likely to escape before a warrant can be obtained). Accordingly, pursuant to the reasoning set forth in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful

and will order petitioner's immediate release. *Id.* at *2 (noting that failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant pursuant to § 1226(a) provides an independent basis for release); *see also Matthews Gomes Da Silva Julio v. Warden, Golden State Annex*, No. 1:26-cv-05514-DAD-CSK, 2026 WL 2139747, at *1 (E.D. Cal. July 24, 2026) (ordering immediate release of a petitioner who was arrested and subject to § 1226(a) and the government failed to establish that the arrest was made pursuant to a warrant and failed to argue that the warrant exception applied).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Juan Carlos Valle Castillo, A-File No. 222-615-605, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and
4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE